SAVOY, Judge.
Wheeler Fuselier, a resident of Allen Parish, Louisiana, died on May 8, 1970, leaving an olographic will in which he named his wife, Jewel Reeves Fuselier, as his sole heir of all property left by him. The decedent had no children, but his mother, a brother, and two sisters survived him. After the will was probated and before any judgment of possession was entered in the succession proceedings, Dora Fuselier, the mother of the decedent, filed a petition for a declaratory judgment in the succession proceeding to have herself declared a forced heir in the amount of % of the decedent’s estate, and thus have the will left by decedent reduced accordingly so it would not impinge on her legitime. Shortly thereafter, Dora Fuselier died, and the administrator of her estate was substituted as a party plaintiff in the petition to reduce the will. Jewel Fuselier contended that her late husband’s heirs were only entitled to a 14 interest in his estate.
After trial, judgment was rendered in favor of the heirs of the decedent recognizing the decedent’s mother to be a forced heir and entitled to inherit % of decedent’s interest in the community.
From the judgment Jewel Fuselier appealed contending that the court erred in applying Civil 'Code Art.' 1494, and thus reducing the portion inherited by her to ¿4 *335 of the decedent’s half of the community property.
The sole issue is whether under the above set of facts the decedent, who died without issue and who left surviving him a mother, brother and two sisters, could bequeath % or % of his interest in the community to his wife.
Appellant argues that Civil Code Article 915, which gives of the decedent’s community interest to his surviving parent when there is no will, is not applicable where there is a will, and that the decedent may by will dispose of his entire share in the community to the prejudice of his spouse and/or parent (s). She then argues that under the case of Succession of Greenlaw, 148 La. 255, 86 So. 786 (1920) that since the sole surviving parent only inherited a J4 interest, and the brothers and sister of the decedent ¡, that the sole parent in our case was only a forced heir to the extent of of the decedent’s interest in the community.
Civil Code Article 1494 provides as follows :
“Donations inter vivos or mortis causa can not exceed two-thirds of the property, if the disposer, having no children, leaves a father, mother, or both, provided that where the legal portion of the surviving father, mother, or both is less than one-third the forced portion shall not be increased to one-third but shall remain at the legal portion.”
Civil Code Article 1495 provides as follows:
“In the cases prescribed by the two last preceding articles, the heirs are called forced heirs, because the donor can not deprive them of the portion of his estate reserved for them by law, except in cases where he has a just cause to disinherit them.” (Emphasis added.)
Article 876 of the Civil Code defines testamentary succession as that resulting from the institution of heir, contained in a testament. It states that this sort of succession is treated under the title, “Of donations inter vivos and mortis causa.” Articles 903, 911 and 915 of the Civil Code are found under the sections dealing with successions where there are no testamentary bequests made. However, under Article 1495 of the Civil Code, reference must be made to the articles under the sections of legal successions and irregular successions to determine the portion of the estate reserved for the parents by law.
So, under the facts of this case, since the decedent left surviving him a mother, brother, and two sisters, the maximum share of the decedent’s separate estate that could be inherited by his mother was under the provisions of Civil Code Article 911. The maximum share of the decedent’s interest in the community that could have been inherited by his mother was Yz under the provisions of Civil Code Article 915. However, since there was a will leaving all of the property to the decedent’s wife, the mother’s share would be Ys, and the disposition to the wife in excess of this amount was properly reduced by the trial judge. The interpretation gives effect to Civil Code Article 1494 and makes their reading together a necessity for an actual determination of the legi-time of the forced heirs.
Our result is also in line with Succession of Greenlaw, cited supra. In Succession of Greenlaw, the decedent’s estate consisted entirely of separate property. A bequest was made to the decedent’s husband of $25,000.00 with nothing more being stated in the will. The court then went on to hold that the surviving parent of the decedent was entitled to a % interest, and the brothers (and their heirs) and sisters were entitled to a )4 interest. Insofar as separate property was concerned, the result is in accord with the result of our case. We feel that any other interpretation of Article 1494 would not be justified when considering the latter portion of it stating that, “* * * provided that where the legal portion of the surviving father, mother, *336 or both is less than one-third the forced portion shall not be increased to one-third but shall remain at the legal portion.”
For the aforegoing reasons, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.